IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**KERON NEVEL,**

        Petitioner,

v.                                                **Civil Action No. 5:23-CV-285**
                                                           Judge Bailey

**R. BROWN,** Warden, FCI Gilmer

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above referenced case is before this Court upon the magistrate judge's recommendation that respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment [Doc. 12] be granted and petitioner's petition [Doc. 1] be denied and dismissed with prejudice. For the reasons that follow, this Court will adopt the R&R in its entirety.

### BACKGROUND

Petitioner, Keron Nevel, is a federal inmate housed at FCI Gilmer in Glenville, West Virginia. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("petition") alleges that the BOP is denying him earned credits which he is owed under the First Step Act. See [Doc. 1]. Petitioner states that despite being eligible under the First Step Act, the BOP has a policy "to hold petitioners good credit time days for First Step Act programs he participate in because he has not reached the 'Low' Recidivism Score." [Id. at 7]. He contends that nothing in 18 U.S.C. § 3632 allows the BOP to withhold his credits due to his recidivism score. [Id. at 8]. Petitioner contends that his release date should be

September 3, 2024, and that he is entitled to 365 days of additional good time credits. [Id.]. For relief, he asks the Court to award him 365 days for First Step Act participation. [Id. at 12]. On September 20, 2023, respondent filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. *See* [Doc. 12].

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's Report and Recommendation

("R&R") were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner filed his objections [Doc. 21] on November 6, 2023. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## DISCUSSION

In this case, petitioner alleges that the BOP is denying him earned credits which he is owed under the First Step Act. *See* [Doc. 1]. In the R&R, Magistrate Judge Mazzone made three (3) findings. First, Magistrate Judge Mazzone found that the respondent failed to meet the burden of showing that petitioner failed to exhaust administrative remedies. [Doc. 19 at 7–9]. Second, Magistrate Judge Mazzone found that although petitioner is eligible to earn time credits, he is ineligible to have those credits applied toward prerelease custody or supervised release. [Id. at 9–11]. Third, Magistrate Judge Mazzone found that to the extent that petitioner challenges the BOP's determination of his eligibility to apply credits towards prerelease custody or supervised release, such determination is not reviewable. [Id. at 12–13].

Petitioner filed two (2) objections to the R&R. First, petitioner objects to the magistrate judge's finding that he is ineligible to have the good time credits he earned applied towards prerelease or supervised release. [Doc. 21 at 1–5]. Petitioner believes that he has earned good time credits and they should be applied to his sentence. [Id. at 2]. In support, petitioner relies on the Oxford dictionary definition of "earn" and argues that 18 U.S.C. § 3632(d) and § 3624(g) are conflicting. [Id. at 2–4]. Petitioner believes he has

earned these days and he is "owed" and "deserves" to have these days applied for his hard work. [Id. at 3].

Magistrate Judge Mazzone is correct. While petitioner is eligible to earn and receive time credits under 18 U.S.C. § 3632(d), petitioner is not eligible to have those credits applied under 18 U.S.C. § 3624(g) because his recidivism level is "high."

Under 18 U.S.C. § 3632(d)(4)(A), "A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate of "10 days time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities" with the possibility to earn an additional 5 days per 30 days of successful participation. 18 U.S.C. § 3632(d)(4)(A). Time credits are applied toward time in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(C). Prisoners are ineligible to receive time credits if they are serving a sentence of a conviction under one of the several provisions of law set forth in 18 U.S.C. § 3632(d)(4)(A).

However, as Magistrate Judge Mazzone pointed out in the R&R, there is a distinction between earning time credits and the application of time credits. The application of time credits to prerelease custody or supervised release is governed by 18 U.S.C. § 3624(g). 18 U.S.C. § 3624(g)(1) sets forth the criteria for eligibility:

(1) Eligible prisoners.--This subsection applies in the case of a prisoner (as such term is defined in section 3635) who--

(A) has earned time credits under the risk and needs assessment system developed under subchapter D (referred to in this subsection as the "System") in an amount that is equal to the remainder of the prisoner's

4

imposed term of imprisonment;

(B) has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment;

(C) has had the remainder of the prisoner's imposed term of imprisonment computed under applicable law; and

(D)(i) in the case of a prisoner being placed under prerelease custody, the prisoner–

(I) has been determine under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassements of the prisoner; or

(II) has had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison, after the warden's determination that–

(aa) the prisoner would not be a danger to society if transferred to prerelease custody or supervised release;

(bb) the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and

(cc) the prisoner is unlikely to recidivate; or

(ii) in the case of a prisoner being placed in supervised release, the prisoner has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner.

18 U.S.C. § 3624(g). Thus, a petitioner may be eligible under 18 U.S.C. § 3632(d) to earn

and receive time credits but not eligible to have those credits applied under 18 U.S.C. § 3624(g). In the present case, Magistrate Judge Mazzone correctly concluded that because petitioner's recidivism level is high 18 U.S.C. § 3624(g)(1) provides that he is ineligible to have those credits applied towards prerelease custody or release to supervised release.

Second, petitioner objects to the magistrate judge's finding that the BOP's determination is not reviewable. [Doc. 21 at 5–8]. As Magistrate Judge Mazzone correctly concluded–BOP determinations under § 3624 are not reviewable. See **Welch v. Heckard**, 2023 WL 6885005, at *4 (S.D. W.Va Sept. 19, 2023) (Eifert, M.J.), *report & recommendation adopted*, 2023 WL 6882684 (S.D. W.Va. Oct. 18, 2023) (Volk, J.) (citing **Mars v. Heisner**, 2023 WL 4977335, at *5 (D. Ariz. June 26, 2023), *report and recommendation adopted*, 2023 WL 4960411 (D. Ariz., Aug. 3, 2023) (explaining that, because the judicial review provisions of the Administrative Procedure Act do not apply to decisions made pursuant to 18 U.S.C. § 3624, courts may not review a BOP decision declining to apply earned time credits towards prerelease custody, unless the decision is contrary to established federal law, violates the Constitution, or exceeds the BOP's statutory authority); **Walker v. Fikes**, 2023 WL 4004123, at *2 (S.D. Ga. May 16, 2023), *report and recommendation adopted*, 2023 WL 3997068 (S.D. Ga. June 14, 2023) (stating that decisions made by the BOP pursuant to 18 U.S.C. § 3624(g) are not subject to judicial review unless those decisions were outside its statutory authority); **Morales v. Brewer**, 2023 WL 3626315, at *2 (E.D. Cal. May 24, 2023), *report and recommendation adopted*, 2023 WL 4535042 (E.D. Cal., July 13, 2023) ("The discretionary decision whether to

6

release a prisoner into prerelease custody or supervised release under § 3624(g) is therefore not reviewable by this court."); **Roberts v. Cox**, 2022 WL 742489, at *2 (D.S.D. Mar. 11, 2022), *appeal dismissed*, 2022 WL 4239573 (8th Cir. May 9, 2022) ("Rulemaking decisions by [the BOP] are subject to judicial review, but adjudicative decisions in a specific case are not subject to judicial review.")).

## CONCLUSION

Accordingly, the magistrate judge's report and recommendation [**Doc. 19**] is **ADOPTED** and petitioner's objections [**Doc. 21**] are **OVERRULED**. Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment [**Doc. 12**] is **GRANTED** and petitioner's petition [**Doc. 1**] is hereby **DENIED** and **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** November **13**, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE